**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | **3:10cr84** |
| | ) | |
| **CHEVON TRAVELL BENNETT.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | **ORDER** |
| | ) | |
| **CHEVON TRAVELL BENNETT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **3:12cv524** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on petitioner's Motion Under 28 U.S.C. § 2255, as

Amended by Re-Characterizing the § 3582(c)(2) Claim as a § 2255 Claim under <u>Dorsey</u>.

     In the previous Order re-characterizing petitioner's §3582 motion as a § 2255 <u>Dorsey</u>

claim, the parties were asked to brief the court on whether the <u>Dorsey</u> claim had been timely

asserted under §2255(f).  While it is clear that § 2255 is the proper vehicle for bringing a claim

under <u>Dorsey</u>, <u>see</u> <u>United States v. Floore</u>, 2012 WL 3765132 (S.D.Ill. Aug. 30, 2012), it was not

clear to the court whether, through amendment, the <u>Dorsey</u> claim would be timely under

§2255(f).  An otherwise untimely amendment will relate back to date of the original petition

when the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or

attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). In order to find that an otherwise untimely claim asserted through amendment relates back, the amended claims must arise from the "same core facts," and not be dependent upon events which are separate in time and type from the events upon which the original claims depended. Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 2570, (2005).

The government has, however, obviated the need to conduct such a Rule 15 inquiry under Mayle by electing to waive the §2255(f) statute of limitations as to the §2255 Dorsey claim in light of the court's finding of equitable tolling as to the Simmons claim. Where a § 2255 claim is not brought within one year of the judgment becoming final, § 2255(f) serves as a procedural bar. The impediment imposed by such bar is, however, lifted where the government waives the statute of limitations. As to whether the government can waive the period of limitation under the AEDPA, one court has noted as follows:

> There is a dearth of case law discussing the question of whether the new limitations bar under AEDPA is jurisdictional, or is an affirmative defense that can be waived. However, the few courts that have addressed the issue have concluded that the one-year statute of limitations **is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, and thus is waived if not raised in opposition to a habeas petition**. *See, e.g., Samuel v. Duncan*, 92 F.3d 1194 (table), 1996 WL 413632, at *1 (9th Cir. July 22, 1996) ("the government has not raised the issue [of the statute of limitations under AEDPA], so we need not consider it because the statute of limitations is not jurisdictional and can be waived"), *cert. denied*, 520 U.S. 1157, 117 S.Ct. 1338, 137 L.Ed.2d 497 (1997); *Andrews v. Johnson*, 976 F.Supp. 527, 529 (N.D.Tex. 1997) (because the Writ of Habeas Corpus is a right grounded in common law, and is not based on a statutory waiver of sovereign immunity, it constitutes an affirmative defense that is waived if not pled). Because Metts's petition is not time barred, it is unnecessary for the court to reach this issue.

Metts v. Miller, 995 F.Supp. 283, 291 (E.D.N.Y. 1997) (emphasis added). By the government not raising the period of limitation in bar and affirmatively waiving the period of limitation as to

this claim, there is no need to conduct a relationship-back inquiry under Rule 15 and <u>Mayle,</u> and the court may move forward and consider the merits of the claim raised. <u>United States v. Smith</u>, 2007 WL 1217772, *1 (M.D.Pa. April 24, 2007) ("The one-year period of limitation for filing a § 2255 motion is not jurisdictional . . . .").

Turning to the merits of petitioner's §2255 <u>Dorsey</u> claim, the government "concedes that, on the merits, Petitioner is entitled to be resentenced within the statutory ranges of imprisonment set forth in the FSA …." Government's Notice of Waiver, at 2. The court concurs with the government as petitioner was sentenced after enactment of the FSA for pre-FSA conduct that involved an amount of cocaine base ("crack cocaine") that no longer triggers imposition of a mandatory minimum sentence. Specifically, petitioner is responsible for 19.3 grams of crack cocaine, has a total offense level of 19, and a Criminal History Category of IV, which results in an advisory guidelines range of 46-57 months.

Petitioner has waived a resentencing hearing as reported by counsel to chambers. Having considered the §3553 factors by reviewing the original PSR, the supplemental PSR, the Statement of Reasons that supported the original Judgment, the briefs of the respective parties, and having conducted an evidentiary hearing at which petitioner was present and represented by counsel, the court will impose a within guidelines sentence at the bottom of the guidelines range, as it did when it originally sentenced petitioner. In addition to the reasons provides in the SOR, the supplemental PSR reveals no disciplinary issues or other behavioral problems while incarcerated that would alter the analysis. The court has also factored in petitioner's physical condition, which has deteriorated since sentencing as it was proffered at the hearing that petitioner has suffered a number of medical setbacks while incarcerated. While the court will

impose an active sentence at the bottom of the advisory guidelines range, the court will keep in place the four years of supervised release (as opposed to a minimum of three years under the revision) as such period of supervised release is well within the applicable supervised range, remains appropriate in light of the petitioner's offense conduct and extensive criminal history, and will provide petitioner with structure as well as needed resources as he transitions, hopefully, to a law-abiding life.

## ORDER

**IT IS, THEREFORE, ORDERED**, after consideration of the factors set forth in 18 U.S.C. § 3553(a), and finding that a sentence at the low-end of the advisory guideline range addresses the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation, the court **RESENTENCES** petitioner as follows:

(1)     as to Count One, 46 months imprisonment, four years of supervised release, and a $100 special assessment.  The payment of a fine or reimbursement of counsel fees is waived as petitioner lacks the ability to pay either a fine or fees. All other conditions imposed in the original judgment shall remain the same as to such count of conviction;  and

(2)     as to Count Three, such count of conviction is, for the reasons discussed in the court's previous Order, **VACATED**, the sentence imposed thereon is set aside, and Count Three is dismissed.

Accordingly, petitioner's §2255 Petition, as Amended, is **GRANTED** and the civil action is terminated.

*The Court **DIRECTS** the Clerk of the Court to prepare, submit for signature, and then enter an amended judgment reflecting the same. As it is likely that petitioner may be entitled to immediate release, the Clerk is instructed to expedite such amended judgment.*

Based on information provided by the USPO concerning credited service, the United States Marshal is directed to either retain petitioner locally or return petitioner to a BOP facility, whichever is faster for out processing.

Signed: January 24, 2013

Max O. Cogburn Jr.
United States District Judge